[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17247
Non-Argument Calendar

_____

D. C. Docket No. 08-00055-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL PRITCHETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 27, 2009)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

On January 21, 2003, the United States District Court for the District of Kansas sentenced Michael W. Pritchett on a plea of guilty to a prison term of 113 months, and a five-year term of supervised release, for conspiracy to distribute in excess of 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. On April 21, 2004, the court granted the Government's Rule 35 motion[1] and reduced the prison term to 68 months (with credit for time served).

Pritchett was released from prison and began his term of supervised release on December 18, 2007. On August 27, 2008, the District of Kansas transferred jurisdiction over the supervised release to the Middle District of Georgia. On November 17, 2008, that district's probation office petitioned the United States District Court for the Middle District of Georgia to revoke the supervised release. The petition alleged that Pritchett's urine had tested positively for amphetamine and methamphetamine in July 2008, and for hydrocodone and hydromorphone in October 2008, and that he had failed to participate in an approved substance abuse program as directed by his probation officer and to submit to urinalysis on two occasions, in July and October 2008.

The district court convened a revocation hearing on December 18, 2008.

---

[1] See Fed. R. Crim. P. 35.

Pritchett appeared with counsel and admitted the violations. The Guidelines prescribed a sentence range of 6 to 12 months' imprisonment, with a statutory maximum of 60 months. The district court found the Guidelines range inadequate because of Pritchett's "continued drug usage while being afforded treatment," and that, given his addiction, he presented a danger to society and himself, and sentenced Pritchett to a prison term of 24 months. The court recommended that he be afforded treatment in the Bureau of Prisons 500-hour Residential Drug Abuse Treatment Program ("RDAP").

Pritchett now appeals the sentence, arguing that, in light of the sentencing factors of 18 U.S.C. § 3553(a), the sentence is unreasonable; it is not necessary to accomplish § 3553(a)'s goals. The sentence should be set aside, he says, because the court either failed to take the § 3553(a) factors into account or failed to do so adequately. Moreover, the court failed to explain on the record why a sentence of 24 months was necessary, in that other treatment options are available and the 500-hour RDAP only has a duration of 9-12 months.

We review a sentence imposed for revocation of supervised release for reasonableness, United States v. Sweeting, 437 F.3d 1105, 1106 (11th Cir. 2006), using the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). We first determine whether the

3

"district court committed . . . significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Id. at ___, 128 S.Ct. at 597.

Section 3583 provides that a district court may revoke a term of supervised release and impose a sentence of imprisonment after considering the factors set out in 18 U.S.C. § 3553(a)( 1 ), (a)(2)(B)-(D), and (a)(4)-(7), including the need to provide a defendant with additional correctional treatment. 18 U.S.C. § 3583(c), (e). However, consideration of § 3553(a)'s factors is <u>not</u> required when revocation of supervised release is mandatory. <u>United States v. Brown</u>, 224 F.3d 1237, 1241 (11th Cir. 2000). Revocation of supervised release is mandatory if, among other things, the defendant possesses an illegal drug or refuses to comply with drug testing in violation of the conditions of supervised release. 18 U.S.C. § 3583(g)(1, 3). That is the situation here.

The maximum term of imprisonment for revocation of supervised release is 60 months where the offense that resulted in the supervised release is a Class A felony. 18 U.S.C. § 3583(e)(1). An offense authorizing a term of imprisonment of

life is a Class A felony.  Id. at § 3559(a)(1).  The maximum term of imprisonment for conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine is life imprisonment.  21 U.S.C. §§ 841(b), 846. The Guidelines recommend 6-12 months' imprisonment for a Grade C violation of supervised release for a defendant, like Pritchett, with a criminal history category of IV.  U.S.S.G. § 7B1.4(a).

"There is a range of reasonable sentences from which the district court may choose."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The challenger "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)."  Id.  "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question."  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008), cert. denied, (U.S. June 22, 2009) (No. 08-10528).  While "a court cannot impose an initial incarcerative sentence for the purpose of providing a defendant with rehabilitative treatment . . . . a court may consider a defendant's rehabilitative needs when imposing a specific incarcerative term following revocation of supervised release."  Brown, 224 F.3d at 1241.  Additionally,"[w]here the original sentence was the result of a downward departure," as in Pritchett's case, "an

5

upward departure may be warranted" when sentencing for revocation of supervised release. U.S.S.G. § 7B1.4 App. n.4. When a court imposes a sentence outside of the guidelines, it must explain why it did so. United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008). In holding a particular sentence to be reasonable, we have noted it was appreciably below the statutory maximum. United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006).

The district court did not abuse its discretion in sentencing Pritchett to prison for 24 months. The court was not required to consider the § 3553(a) factors, it explained why it imposed a sentence above the prescribed Guidelines sentence range, and we are satisfied that the sentence is substantively reasonable, since it falls well below the statutory maximum of 60 months.

AFFIRMED.